# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| WALTER COMBS, | ) |
|---|---|
| Movant, | ) |
| v. | ) No. 4:16-CV-1799 JAR |
| UNITED STATES OF AMERICA, | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's amended motion to vacate under 28 U.S.C. § 2255. On review of the motion, the Court finds that it is unclear whether movant understands the ramifications of filing a motion to vacate and the consequences that come with it. Therefore, the Court will advise him of those consequences and allow him to file a second amended § 2255 motion or to consider withdrawing it for filing at a later time.

### Background

Movant was convicted by a jury of distribution of cocaine and possession of a firearm in furtherance of a drug-trafficking crime. *United States v. Combs*, No. 4:13-CR-391 JAR. The Court sentenced him to 186 months' imprisonment. The Court of Appeals for the Eighth Circuit affirmed. *United States v. Combs*, 827 F.3d 790 (8th Cir. 2016).

Movant filed a motion "to appoint counsel in light of *Johnson*[1] on September 29, 2016, in the underlying criminal action. In accordance with the Court's standard procedures with regard to *Johnson* cases, the Court converted the motion to a § 2255 case.

---

[1] In *Johnson v. United States*, 135 S.Ct. 2551 (2015), the Supreme Court of the United States held the "residual clause" of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), unconstitutionally vague.

When this case was opened, the Court directed movant to submit an amended motion on the Court's standard form. Movant has filed the amended motion. However, the motion does not contain any grounds for relief. The Court notes that it is doubtful that *Johnson's* holding applies to movant's sentence because it was not enhanced under the ACCA or the Sentencing Guidelines.

## Discussion

In this case, when the Court decided to reclassify movant's motion to appoint counsel as a § 2255 motion, it did not provide him with the required notice of the ramifications of the reclassification.

> When a district court intends to reclassify a pro se litigant's pleading as a § 2255 motion, it must do two things. First, the court must warn the litigant of the restrictions on second or successive motions, and of the one-year limitations period, set forth in 28 U.S.C. § 2255. Second, the court must provide him an opportunity either to consent to the reclassification or to withdraw his motion.

*Morales v. United States*, 304 F.3d 764, 767 (8th Cir. 2002).

The Court is now giving movant the option of withdrawing his motion or consenting to the reclassification of it as a motion to vacate. If movant consents, he must file **all of his grounds for relief** in the motion. That is, he may or may not wish to bring claims for ineffective assistance of counsel or prosecutorial misconduct, for example, or any other ground he believes entitles him to relief. He should also articulate his *Johnson* claim if he believes it offers him relief. If he consents to the reclassification and fails to bring all of his potential grounds for relief, he most likely will not be able to bring those grounds for relief at a later time because § 2255(h) prohibits the filing of second or successive motions without approval of the Court of Appeals and only in very limited circumstances.

Additionally, § 2255 contains a one-year statute of limitations, which starts when the criminal judgment becomes final. Consequently, movant must be sure to timely file any of his potential grounds for relief or he may be forever barred from bringing them before the Court.

Finally, the Court notes that it will not appoint counsel for movant at this time because it does not appear that *Johnson* provides him with relief. However, the Court has not decided this issue, and movant should bring any claims that might possibly lead to sentencing relief.

Accordingly,

**IT IS HEREBY ORDERED** that movant must either consent in writing to reclassification of his motion to appoint counsel as a motion to vacate under 28 U.S.C. § 2255, or he must withdraw the motion. Movant has twenty-one (21) days to comply with this Order.

**IT IS FURTHER ORDERED** that if movant consents to the reclassification, he must file a second amended motion on the Court's form.

**IT IS FURTHER ORDERED** that the Clerk is directed to send movant a § 2255 form.

**IT IS FURTHER ORDERED** that if movant does not comply with this Order, the Court will dismiss this action without prejudice.

Dated this 14th day of December, 2016.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

3